Harold Wayne SHEPPERD, Appellant,

v.

The STATE of Texas, Appellee.

No. 56225.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 19, 1979.

Robert J. Kuhn, Austin, for appellant.

Edward J. Walsh, Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

After the jury found the appellant guilty of "unlawful possession of firearm by felon,"[1] the court assessed punishment at five years' confinement.

■ The first ground of error argues that the State failed to prove that the appellant was "a person who has been convicted of a felony." The statement of facts reads:

"(Indictment read to Jury.)

"THE COURT: To which the defendant pleads—

"MR. WEBERNICK: Not guilty, Your Honor.

"MR. CONNOR: At this time, the State would introduce by stipulation the certified copy of the conviction in Cause Number 14,926, out of Bell County, Texas, which is, the ones charging Mr. Sheppard, Harold Wayne Sheppard, with the offense of robbery by force.

"MR. WEBERNICK: Your Honor, we will so stipulate to the introduction.

"MR. CONNOR: The State does introduce it at this time.

"THE COURT: All right. Is that all your stipulation?

---

1. "A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives." V.T.C.A., Penal Code, Sec. 46.05(a).

"MR. CONNOR: Yes, sir.

"THE COURT: We will recess . . ".

The appellant argues that the stipulation extended only to the introduction of the exhibit, not to the fact that the person named in the exhibit was the appellant, so that the record contains no proof of identity. Although the stipulation "is certainly not a model," as the State admits in its brief, it makes sufficiently clear that the parties were stipulating to the identity of the appellant and the person named in the exhibit. The use of the word "stipulation" by both parties would have been inappropriate to a mere offer of an exhibit without objection. The prosecutor's reference to "the ones charging Mr. Sheppard, Harold Wayne Sheppard," linked the exhibit to the appellant. By using the name "Wayne," the prosecutor must have been referring to the appellant; the records of the former conviction identify the defendant as "Harold W. Sheppard," not using the name "Wayne." We also note that the stipulation was not the only proof of identity. The exhibit was a prison packet, which included photographs, birth date, and a detailed physical description (including descriptions of tattoos on the forearms) of the defendant in the former case. This constitutes independent proof of identity when the finder of fact can observe the defendant in the courtroom. *Gollin v. State,* 554 S.W.2d 683 (Tex.Cr.App.1977). The stipulation and the exhibit constituted sufficient proof of identity.

■ The second ground of error argues that V.T.C.A., Penal Code, Sec. 46.05, violates Article 1, Section 23, of the Texas Constitution ("Every citizen shall have the right to keep and bear arms in the lawful defence of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime.") The appellant argues that the reasoning of *Webb v. State,* 439 S.W.2d 342 (Tex.Cr.App.1969), which upheld a statutory predecessor, is inapplicable to Section 46.05. This precise argument was rejected in *McGuire v. State,* 537 S.W.2d 26 (Tex.Cr.App.1976). The appellant urges us

to re-examine *McGuire.* We have done so, with the same result. *Milligan v. State,* 554 S.W.2d 192 (Tex.Cr.App.1977). The statute does not infringe on the provision of the Constitution.

■ In his third ground of error the appellant argues that prosecution under Section 46.05 violates due process of law and due course of law. According to the appellant, the purpose of the statute is to prevent the use of firearms in committing crime. He then argues that the statute conclusively presumes that all persons who have been convicted of a felony involving an act of violence or threatened violence are likely to commit crimes. From this the appellant concludes that due process and due course are violated in two ways: by an unreasonable and arbitrary classification of the felons, and by the denial of a hearing on the individual circumstances of the possession. We shall address each conclusion.

A federal statute (18 U.S.C. Appendix, Section 1202(a)) makes it an offense for a felon (of any stripe) to possess or to receive a firearm in commerce or affecting commerce. The classification of felons for this purpose is rational and does not deny due process. E. g., *United States v. Ransom,* 515 F.2d 885 (5th Cir. 1975), cert. denied, 424 U.S. 944, 96 S.Ct. 1412, 47 L.Ed.2d 349 (1976); *United States v. Lupino,* 480 F.2d 720 (8th Cir.), cert. denied, 414 U.S. 924, 94 S.Ct. 257, 38 L.Ed.2d 159 (1973). Felons who have committed crimes of violence or threatened violence are more likely than other felons to commit dangerous crimes. See Cocozza & Steadman, "Some Refinements in the Measurement & Prediction of Dangerous Behavior," 131 American Journal of Psychiatry 1012 (1974). *A fortiori,* the classification of such felons is rational.

In saying that defendants are denied a hearing on the individual circumstances of the possession, the appellant overstates his case, for the defenses (e. g., duress) in chapter 8 of the Penal Code and the justifications (e. g., necessity) in chapter 9 are available to him. Also, mere possession is not an offense; the State must prove that the

possession was intentional or knowing. *Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App. 1976). Despite the overstatement, the appellant makes it clear that his real complaint is that a defendant is not given an opportunity to rebut the "presumption" that he (as a person who has been convicted of a felony involving an act of violence or attempted violence) is likely to commit crimes. He relies on *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1971) (unwed father denied opportunity to prove fitness as a parent after death of mother), and *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1970) (uninsured motorist's driving license and automobile registration suspended without hearing on issue of fault). These cases are not controlling for at least two reasons.

First, a key passage from *Stanley v. Illinois* must be considered:

"In *Bell v. Burson,* 402 U.S. 535, [91 S.Ct. 1586, 29 L.Ed.2d 90] (1971), we found a scheme repugnant to the Due Process Clause because it deprived a driver of his license without reference to the very factor (there fault in driving, here fitness as a parent) that the State itself deemed fundamental to its statutory scheme. Illinois would avoid the self-contradiction that rendered the Georgia license suspension system invalid by arguing that Stanley and all other unmarried fathers can reasonably be presumed to be unqualified to raise their children.

" * * * But all unmarried fathers are not in this category; some are wholly suited to have custody of their children. This much the State readily concedes, *and nothing in this record indicates that Stanley is or has been a neglectful father who has not cared for his children.* Given the opportunity to make his case, Stanley may have been seen to be deserving of custody of his off-spring. Had this been so, the State's statutory policy would have been furthered by leaving custody

in him." 405 U.S. 653–655, 92 S.Ct. 1213–1214 (emphasis supplied) (footnotes omitted).

In *Bell* and *Stanley,* due process was being denied by the failure to consider proof of the very factors (fault and fitness) that were central to the statutory schemes. In contrast, Section 46.05 of the Penal Code not only permits, it requires proof of the very factor that is central to the purpose of the statute: keeping violent felons from going about with firearms. Unlike Stanley, a violent felon has much in his record to indicate that he is unfit to have "custody" of a firearm; unlike Bell, he has a record of "fault," a record of violent crime. To paraphrase *Reddy v. United States,* 403 F.2d 26, 27 (1st Cir. 1968), cert. denied, 393 U.S. 1085, 89 S.Ct. 871, 21 L.Ed.2d 778 (1969), it is not without support in reason to conclude that a person whose crime was a violent felony is an undesirable person to possess firearms; proof of an inescapable relationship between past and future conduct is not requisite.

Second, it must be noted that Stanley[2] and Bell[3] were being deprived of a basic right or an essential privilege. The right to possess firearms away from home is not of comparable importance. See *United States v. Karnes,* 437 F.2d 284, 287 (9th Cir.), cert. denied, 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971). To extend the holding of *Stanley* beyond certain constitutionally protected rights[4] would turn its doctrine "into a virtual engine of destruction for countless legislative judgments which have heretofore been thought wholly consistent with the Fifth and Fourteenth Amendments to the Constitution." *Weinberger v. Salfi,* 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975). Section 46.05 of the Penal Code is one of those legislative judgments to which *Stanley* does not extend. The statute is a legitimate exercise of the directive in Article 1, Section 23, of the Texas Constitution that the wearing of

---

2. See 405 U.S. at 651–652, 92 S.Ct. 1208.

3. See 402 U.S. at 539, 91 S.Ct. 1586.

4. As we have held again today, the Texas Constitution does not protect the possession of firearms by a felon. The same is true of the United States Constitution. E. g., *United States v. Day,* 476 F.2d 562 (6th Cir. 1973).

arms be regulated. The classification of violent felons is rational. Due process and due course of law do not require that a defendant be allowed to be heard on other issues.

 In a separate due process attack, the appellant contends that the phrase "away from the premises where he lives" is unconstitutionally vague. We have said that the entire statute is not vague. *Runo v. State,* 556 S.W.2d 808 (Tex.Cr.App.1977). In *Powell v. State,* 538 S.W.2d 617 (Tex.Cr.App. 1976), we held that another phrase in the statute ("a felony involving an act of violence or threatened violence to a person or property") was not unconstitutionally vague. The well-known test is whether the term is so vague that men of common intelligence must guess as to its meaning and differ as to its application. *Powell v. State,* supra, at 618. Without repeating the authorities and examples cited in *Powell,* it is sufficient to hold that, by that test, the phrase "away from the premises where he lives" is not unconstitutionally vague.

 In his fourth ground of error, the appellant claims that the evidence was insufficient to prove that he was away from the premises where he lived. The appellant produced evidence that he lived in a camper which was mounted on his pickup truck. On the night in question, the truck was parked on the parking lot behind a "beer joint." A group of young people were engaged in throwing tomatoes at each other when the appellant appeared on the parking lot with a shotgun. He fired several times, slightly wounding one person. If the appellant lived in the camper, he was away from the premises where he lived when he left the camper and went onto the parking lot. An adjacent parking lot is not part of the premises where one lives. *Bryant v. State,* 508 S.W.2d 103 (Tex.Cr.App.1974). See *Wilson v. State,* 418 S.W.2d 687 (Tex.Cr. App.1967). The evidence was sufficient to prove this element of the offense.

The judgment is affirmed.