**Roy Lee SENTERS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-83-00018-CR.**

Court of Appeals of Texas, Dallas.

March 11, 1983.

James H. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

 Appellant Roy Lee Senters brings this appeal from his conviction for the offense of unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.05 (Vernon 1974). The trial court assessed punishment at ten years imprisonment. In his sole ground of error, appellant argues that the trial court erred in holding that "moving" one's residence is not a defense to section 46.05. We disagree and thus affirm.

The evidence adduced during the trial before the court showed that appellant was apprehended in his automobile away from his residence. Police officers discovered a pistol in his possession at the time. Appellant testified that he was detained in the process of moving his belongings from one residence to another. Accordingly, he requested the court to recognize "moving" as a defense to section 46.05. The trial court declined to do so.

Section 46.03 of the Penal Code provides a number of defenses to section 46.02, the misdemeanor offense of unlawfully carrying a weapon. Specifically, section 46.02 does not apply to a person who is traveling. Tex. Penal Code Ann. § 46.03(3) (Vernon Supp.1982). This particular defense includes a person engaged in moving from one residence to another. *Johnson v. State,* 571 S.W.2d 170, 172 (Tex.Cr.App. 1978).

Appellant asks that we apply the narrower "moving" defense to the section 46.05 felony offense. While this defense appears to us to be logical and reasonable, we would note that the legislature has specifically declined to provide any statutory defenses to this offense. The language of section 46.05(a) appears absolute:

(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away·from the premises where he lives.

These factors are at least some evidence of a legislative intent to permit no defenses to a prosecution under section 46.05 unless they are created statutorily.

It is the legislature's prerogative to create or deny defenses to its penal statutes. We are cited to no authority where an appellate court has judicially legislated a defense to section 46.05, and we decline to do so.

The judgment of the trial court is affirmed.