

# THE ATTORNEY GENERAL
## OF TEXAS

December 31, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Ray Keller
Chairman
Committee on Law Enforcement
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Mr. Fred Toler, Executive Director
Texas Commission on Law Enforcement
   Officer Standards and Education
Suite 100, 1606 Headway Circle
Austin, Texas    78754

Opinion No.   JM-613

Re: Whether it is a crime for a peace officer to carry a handgun while outside his jurisdiction or not in the actual discharge of his duties as a peace officer

Gentlemen:

You both have asked, in effect, whether a Texas peace officer commits a crime and is subject to prosecution for a misdemeanor or felony if he carries a handgun either (1) while he is "off duty" (i.e., not actually carrying out duties assigned him by his department), or (2) while he is outside the limits of the territory over which his department has law enforcement jurisdiction.

Section 46.02 of the Penal Code provides that a person commits an offense if he intentionally, knowingly, or recklessly carries a handgun on or about his person. If the gun is carried on premises licensed or issued a permit for the sale or service of alcoholic beverages, the crime is a felony of the third degree punishable by not less than two years nor more than ten years in the state penitentiary. See Penal Code §12.34. If the crime occurs elsewhere, the punishment is (either or both) a fine not to exceed $2,000 or confinement in jail for up to one year. See Penal Code §12.21.

Section 46.03 of the Penal Code makes the foregoing law inapplicable to certain people. Previously, it made section 46.02 inapplicable to a person "in the actual discharge of his official duties as a peace officer, a member of the armed forces or national guard, or a guard employed by a penal institution." Also exempted was a person on his own premises or on premises under his control, a person traveling, or a person engaged in a lawful sporting activity. In 1981, however, section 46.03 was amended. See Acts 1981, 67th Leg., ch. 552, at 2273.

The section 46.02 law making the carrying of a handgun unlawful is still inapplicable to a soldier or penitentiary guard when he is

"in the actual discharge of his official duties" (and only then), but this qualification of the exemption for peace officers was dropped. Now, section 46.03 simply specifies that the provisions of section 46.02 do not apply to a person "who is a peace officer." Penal Code §46.03(a)(6). See Penal Code §1.07(a)(25).

The legislative broadening of the exemption for peace officers was obviously deliberate and must be given effect. Neither this office nor a court is free to disregard the plain intent of the legislature. Salazar v. State, 169 S.W.2d 169 (Tex. Crim. App. 1943). Thus, if a person commissioned a peace officer remains a "peace officer" while "off duty" or while outside his normal jurisdiction, he is exempted from the provisions of section 46.02 by section 46.03(a)(6), and commits no violation of it by carrying a handgun at those times.

The Texas Court of Criminal Appeals has left no doubt that a peace officer — at least within his normal jurisdiction -- remains a peace officer twenty-four hours a day and possesses the full powers of a peace officer in the presence of criminal activity. See Wood v. State, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972); Monroe v. State, 465 S.W.2d 757 (Tex. Crim. App. 1971); Simms v. State, 319 S.W.2d 717 (Tex. Crim. App. 1958). The Code of Criminal Procedure, article 2.13, makes it the duty of every peace officer to preserve the peace within his jurisdiction at all times and not merely during his "duty" hours or "shift." See Attorney General Opinion JM-140 (1984). Similarly, the cases of Preston v. State, 700 S.W.2d 227 (Tex. Crim. App. 1985) and Christopher v. State, 639 S.W.2d 932 (Tex. Crim. App. 1982), leave no doubt that every Texas peace officer remains a peace officer even while outside the territorial limits of his normal jurisdiction, although his power to act may be more limited outside those boundaries than within them.

The court in Christopher held that a game warden was empowered to arrest a person (without a warrant) for speeding on a public highway inasmuch as section 153, article 6701d, V.T.C.S., authorizes any peace officer to do so. A game warden was then a peace officer whose normal powers of warrantless arrest extended only to violations of the law relating to game, fish, and birds, and whose jurisdiction, powers, and immunities as a peace officer normally applied only "while on state parks or on historical sites or in fresh pursuit of those violating the law in a state park or historical site." Parks & Wild. Code §§11.019 (amended, Acts 1983, 68th Leg., ch. 29, at 122), 12.102 (repealed, Acts 1983, 68th Leg., ch. 29, at 123).[1]     Unless the game

---

1.  The 1983 statutory changes authorized the director of the Parks and Wildlife Commission to commission peace officers with powers, privileges, and immunities as peace officers coextensive with the boundaries of the state. See Parks & Wild. Code §11.019(b).

warden was a _peace officer_ even while _not_ on a state park or historical site, section 153 of article 6701d could not have been applied to him.

In the _Preston v. State_ case, _supra_, a campus peace officer, Shaffer, was assaulted while attempting to arrest Preston for a traffic offense that occurred away from the university. Preston was charged with aggravated assault on a police officer, an offense committed _only_ if the officer at the time of the assault is "lawfully discharging an official duty." Penal Code §22.02(a)(2)(A). The Court of Criminal Appeals overruled its holding in _Christopher_ that a specially commissioned peace officer was lawfully authorized to make traffic arrests anywhere in the state (and was thereby lawfully discharging an official duty), but in doing so the _Preston_ court expressly held that Shaffer was a peace officer when he was assaulted even though he was outside his jurisdiction and was not lawfully discharging an official duty.

The court said:

> We hold that when Shaffer was assaulted by appellant, Shaffer was, pursuant to the provisions of Art. 2.12, _supra_, a peace officer. However, we also hold that Shaffer was without lawful authority or power to make a warrantless arrest of appellant for committing a traffic offense, because he was then acting outside of his jurisdictional limits as prescribed by Section 51.203, _supra_. We expressly overrule _Christopher v. State_, _supra_, that a specially commissioned peace officer of this State, such as Shaffer, has lawful authority to make traffic arrests anywhere in the State of Texas.

> Because Shaffer was not lawfully discharging an official duty when appellant assaulted him, the evidence is insufficient to sustain appellant's conviction for the offense of aggravated assault on a peace officer.

_Preston v. State_, 700 S.W.2d at 230.

Section 46.03 no longer limits the "peace officer" exemption for carrying a handgun to a person "in the actual discharge of his official duties" as a peace officer. The _Christopher_ and _Preston_ cases show that the dropped qualification is significant. In our opinion, a person who has jurisdiction as a peace officer — even for a limited territory — is a peace officer everywhere in the state within the meaning of section 46.03 of the Penal Code and cannot be convicted under section 46.02 for carrying a handgun, even though he is not then engaged in the actual discharge of his official duties.

Even in the absence of such cases, we would be forced to reach the same conclusion, for if the legislature did not broaden the exemption for peace officers by dropping the "in the actual discharge of duty" qualification, it narrowed it.  A few examples will demonstrate the disturbing effect of a narrow interpretation.  Courts are enjoined to construe statutes in a way, if possible, to avoid unreasonable or absurd results.  See 53 Tex. Jur. 2d Statutes §§126, 165 (1964).

If peace officers may not carry handguns outside their normal jurisdictions without committing a crime, they cannot be armed at all times while escorting captured prisoners from one jurisdiction to another.  The "traveling" exception to prosecution for carrying a handgun, section 46.03(3) of the Penal Code, is of only limited aid because, under the travel exception, the purpose of the travel is not relevant. Evers v. State, 576 S.W.2d 46 (Tex. Crim. App. 1978).  And the traveler's exemption is lost when he arrives at his destination. Smith v. State, 630 S.W.2d 948 (Tex. Crim. App. 1982). Furthermore, in Smith v. State, supra, the court approved statements from George v. State, 234 S.W.87 (Tex. Crim. App. 1921), suggesting that when someone goes only a distance that can be traveled in two hours or less, the travel exception is not applicable.  We do not believe the legislature intended to put peace officers in such a dilemma.

The defense of "necessity" would be equally unavailing unless the officer believed possession of the weapon was immediately necessary to avoid imminent harm.  Penal Code §9.22(1).  Being in a "high crime area" would not furnish a sufficient basis for such belief. Johnson v. State, 650 S.W.2d 414 (Tex. Crim. App. 1983).

If police officers and other peace officers commit a crime when they carry their handguns beyond the territorial borders of their municipalities, officers in a number of cities and special districts will be prevented from taking the most direct and accessible route to the scene of a crime-in-progress or other emergency.  In our opinion, it was not the intent of the legislature that in the city of Dallas, which surrounds the city of Highland Park, a Dallas policeman in a part of Dallas on one side of Highland Park — to answer a distress call in a part of Dallas directly across the surrounded city — must circle that city in order to avoid prosecution as a criminal.  In the city of Houston analogous circumstances are numerous. Airport security guards, campus security personnel, and officers commissioned by the Purchasing and General Services Commission are all peace officers (according to article 2.12 of the Code of Criminal Procedure) whose "jurisdiction" is often over several noncontiguous areas separated by intervening "jurisdictions."  Are they guilty of a crime whenever they stroll from one such place to another while carrying their guns?

We do not believe the legislature intended to hamper law enforcement in that way or to expose peace officers to criminal liability for carrying their firearms with them when they travel from

one jurisdiction to another, particularly since security officers commissioned by the Texas Board of Private Investigators and Private Security Agencies (who are not peace officers) traveling to and from their places of assignment are expressly exempted by subsection (5) of section 46.03. The existence of the express exemption for private security people while traveling to their assignments is a strong indication that the general "traveling" exception was not thought to furnish protection. If it did, the special security guard exemption would be superfluous.

One other circumstance deserves mention. The intent of the legislature that the section 46.02 offense be inapplicable to a peace officer, even though he is not engaged in the discharge of his official duties at the time, is also made plain by a statutory exception to that general exemption. Section 46.04 makes it a felony for an unauthorized person intentionally to go with a firearm on the premises of a school, or on the premises of a polling place on the day of an election, or in any government court or offices utilized by the court, but it is a defense that the person was "in the actual discharge of his official duties as a peace officer." If the legislature had intended peace officers to be protected from prosecution in other situations only when in the actual discharge of official duty, we believe it would have specified the circumstances, as it did in section 46.04. Cf. Penal Code §46.05; Senters v. State, 648 S.W.2d 30 (Tex. App. - Dallas 1983, pet. ref'd).

We conclude that a Texas peace officer, wherever in the state he might be, is a peace officer twenty-four hours a day, although his powers as a peace officer may be severely limited when he is acting outside his normal jurisdiction. As a consequence, section 46.03 of the Penal Code makes a Texas peace officer immune from prosecution under section 46.02 of the Penal Code.

## SUMMARY

A Texas peace officer, wherever in the state he might be and whether engaged in the actual discharge of his duties as a peace officer or not, is immune from prosecution under section 46.02 of the Penal Code for unlawfully carrying a handgun.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General