Samuel Foarde NESBIT, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–86–067–CR.

Court of Appeals of Texas, Austin.

Dec. 3, 1986.

Gregory K. Zaney, Austin, for appellant.

Ronald Earle, Dist. Atty., Bryan Case, Asst. Dist. Atty., Austin, for appellee.

Before EARL W. SMITH[1], GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from appellant's conviction for unlawful possession of a firearm by a felon away from the premises where he lives. Tex.Pen. Code Ann. § 46.05 (1974). Appellant waived his right to a jury trial and entered a plea of not guilty before the judge. The trial court found appellant guilty and assessed punishment at five years in the Texas Department of Corrections. We will affirm the trial court's judgment.

In 1978, appellant was convicted of aggravated robbery. On the morning of October 6, 1985, a police officer responded to a call from a motel manager and found appellant sleeping in the cab of his pickup truck parked in the motel parking lot. Appellant was arrested on outstanding traffic warrants. A second officer who arrived to assist observed a long club hanging from a strap inside the cab. When he opened the truck door to remove the club, the officer observed a shotgun extending from under the driver's seat. While there was some

indication that another person may have been in the pickup earlier in the morning, only appellant was in the pickup when the police officers arrived.

■ Appellant argues in his first point of error that the evidence was insufficient to prove that he was in possession of the shotgun. Appellant testified that he owned the truck and that all his possessions were in the truck. Evidence that a defendant asserts ownership of an automobile in which a gun is found is sufficient to show the defendant's possession of the gun. *Mena v. State,* 504 S.W.2d 410 (Tex. Cr.App.1974). Appellant had shotgun shells in his pocket identical to those found in the gun, and the gun was found partly under the driver's seat and within defendant's reach while he was seated in the cab of the truck. In circumstances similar to appellant's case, the Court of Criminal Appeals held that proof that a pistol was on the floor near defendant in defendant's automobile established that he possessed the pistol. *Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App.1976). The Court in the *Hazel* opinion also cited one of its earlier opinions, *Curry v. State,* 465 S.W.2d 154 (Tex.Cr. App.1971), which held that evidence that a gun was found partly under the driver's seat and within the defendant's reach was sufficient to prove defendant's possession and control of the gun, despite there being five other people in the car. Thus, the fact that there was no testimony as to who owned the shotgun in question was not determinative, as we hold the evidence was sufficient to prove appellant's possession of the shotgun. Appellant's first point of error is overruled.

Appellant argues in his second point of error that there was insufficient evidence to prove that he possessed the shotgun *away from the premises where he lived.* Tex.Pen.Code Ann. § 46.05(a) (1974) states as follows:

A person who has been convicted of a felony involving an act of violence or

1. Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't.Code § 73.012 (Supp.1986).

threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

Appellant's position seems to be that since he had no home, his truck was the premise where he lived. Therefore, appellant contends that when in his truck, he could not be in possession of the shotgun away from the premises where he lived. While appellant claimed he had been living in his truck for eight or ten months, he admitted that he also stayed with friends or in hotels, and when not in hotels or with friends, appellant testified he parked in shopping center lots, motel lots or at roadside parks. Appellant further testified that he kept all his remaining possessions, including a rolled-up mattress, in the truck. Under appellant's contention, the issue presented is whether a person's pickup truck under these facts could constitute a premise where one lives as contemplated by the statute. If so, appellant's possession of the shotgun inside the pickup cab could not be an offense.

The trial court could believe all, a portion or none of appellant's testimony. The trial court could find appellant did *not* live in his pickup truck and would be justified in finding appellant guilty on that basis. Even accepting appellant's testimony as true, the trial court would be justified in concluding that this pickup truck was not the premise where appellant lived within the meaning of the statute.

The term "premises" and phrase "premises where he lives" are not expressly defined in the Texas Penal Code. A similar statute, Tex.Pen. Code Ann. § 46.02 (1974), prohibits one from carrying a handgun on or about his person, an exception being that one may carry a handgun on "his own premises or premises under his control...." Tex.Pen. Code Ann. § 46.03(a)(2) (Supp.1986). The premises contemplated under § 46.03 are not restricted to the place where one lives, but can include in addition other places such as a business. In construing § 46.03, the Court of Criminal Appeals has held that a motor vehicle

does *not* constitute a "premises" within the meaning of the statute. *Roy v. State*, 552 S.W.2d 827 (Tex.Cr.App.1977). The defendant in *Roy* argued that since his business required him to go from place to place to service coin-operated vending machines and to collect money deposited in them, the term "premises" should extend to and include not only his place of business, but also his vehicle used in the regular course of his business. The Court, in an opinion by Presiding Judge Onion, rejected the defendant's argument. As stated by the Court, "if 'premises' could include a moving vehicle controlled by a person in 'his regular course of business,' every person could then argue justification for bearing arms." *See also Lattimore v. State*, 145 S.W. 588 (Tex.Cr.App.1912) (the term "premises" excludes a vehicle on a public road.).

*Shepperd v. State*, 586 S.W.2d 500 (Tex. Cr.App.1979), involved a conviction for unlawful possession of a firearm by a felon under § 46.05. The defendant argued that he lived in a camper attached to his pickup, therefore, he did not possess a firearm away from the premises where he lived. In *Shepperd*, the Court of Criminal Appeals did not reach the issue of whether one's pickup could be a premise where one lives, since the defendant was standing in a parking lot shooting at people and was not in his truck at the time of the offense. The Court in *Shepperd*, in effect, held that regardless of where the defendant lived, he clearly was away from the premises, since a parking lot cannot be a premise where one lives. *Shepperd, supra; Bryant v. State*, 508 S.W.2d 103 (Tex.Cr.App.1974).

In *Senters v. State*, 648 S.W.2d 30 (Tex. App.1983, pet. ref'd), a defendant previously convicted of a felony involving violence was moving his possessions from one residence to another, but was detained in his vehicle while in possession of a firearm. The Dallas court held that there is no "moving" defense to prosecution under § 46.05. Similarly, the appellant in this case had been between residences for several months, testifying at his trial that

when he could he was planning to move back into an apartment. Although he testified he was "staying" in his truck, he was not living in it as such.

 A pickup truck is a motor vehicle. It generally is not designed to be inhabited. The evidence indicated that appellant's pickup truck had not been modified in any way, contained none of the trappings of a residence designed for overnight accommodations and did not even have a camper attached. The bleak reality of life is that there are people who are homeless, transient and who do not have a place or premise in which they live, even temporarily. Makeshift accommodations cannot always assume such stature. Failure to have a place to live cannot transform an ordinary pickup into a premise for living simply because one may sleep in it. Even if a pickup truck might be considered a premise for some purposes, we hold that it is not a premise in which to live.

We recognize that there may exist vehicles with sophisticated accommodations, such as motor homes, and other vehicles may be modified or constructed to contain some of the characteristics of a place to live. We do not address whether any motor vehicle could ever be a premise in which to live, but restrict our holding to the facts of appellant's case.

The obvious purpose of § 46.05 is to prohibit convicted felons from possessing firearms anywhere, except at home. The central purpose of the statute is to keep violent offenders from going about with firearms. *Shepperd v. State, supra.* The right to possess firearms away from home is not a basic right or essential privilege. *Shepperd v. State, supra; see United States v. Karnes,* 437 F.2d 284 (9th Cir. 1971), *cert. denied,* 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971). Violent felons are properly treated differently from others who have committed non-violent offenses. They have demonstrated a propensity toward violence which gives the State a rational basis on which to restrict their possession of firearms in order to protect the general public. *Milligan v. State,* 554

S.W.2d 192 (Tex.Cr.App.1977). By statute, they are not entitled to possess a firearm wherever they are or wherever they stay. They may only possess a firearm where they live, within the meaning and intent of the statute.

It is presumed that the Legislature, in enacting a statute, intends a just and reasonable result, and a result feasible of execution. *J.D. Parr v. State,* 575 S.W.2d 522 (Tex.Cr.App.1978), citing *Lovell v. State,* 525 S.W.2d 511 (Tex.Cr.App.1975). To hold that a pickup truck constitutes the premise where appellant lives would enable transient persons previously convicted of violent crimes to travel the state bearing arms. Obviously, this was not the intent of the Legislature in enacting the statute. We hold that under the facts of this case, a pickup truck cannot constitute the premise where a person lives. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.