# NO. 12-11-00016-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BENJAMIN ROGERS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Benjamin Rogers appeals his conviction for possession of a firearm by a felon, for which he was sentenced to imprisonment for twenty years. In two issues, Appellant challenges the sufficiency of the evidence and the trial court's ruling on his motion to suppress. We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of a firearm by a felon and pleaded "not guilty." The matter proceeded to a jury trial. The evidence at trial revealed that Appellant was in an altercation with Nathaniel Griffin on Palace Street in Tyler, Texas. According to Griffin, Appellant brandished a handgun during their encounter. The two men got into their vehicles and parted ways. Based on Griffin's description, police officers located Appellant at a nearby gas station. Appellant was handcuffed and was advised that he was "only being detained at the moment." Almost immediately thereafter, based on a single request by a police officer, Appellant gave the officers verbal consent to search him and his vehicle.[1] Upon searching the vehicle's center console, officers located a small .38 caliber revolver containing two live rounds

---

[1] Appellant was later determined to be the registered owner of the vehicle.

1

and two spent rounds.

Ultimately, the jury found Appellant "guilty" as charged. The matter proceeded to a jury trial on punishment, after which the jury assessed Appellant's punishment at imprisonment for twenty years. The trial court sentenced Appellant accordingly, and this appeal followed.

## LEGAL SUFFICIENCY

In his first issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment. Specifically, Appellant contends that there is no evidence that the premises at which he was arrested was a location other than the premises at which he lived.

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A conviction can be supported solely by circumstantial evidence, which is as probative as direct evidence. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To support Appellant's conviction for possession of a firearm by a felon, the State was required to prove that Appellant possessed a firearm at any location other than the premises at which he lived. *See* TEX. PENAL CODE ANN. § 46.04(a)(2) (Vernon 2011). Here, the record

indicates that Appellant was detained in a gas station parking lot standing beside his truck and that the handgun was located in the truck's center console. Even assuming that Appellant lived in the gas station in question, the parking lot adjacent to that gas station is not considered part of the premises. *See **Shepperd v. State***, 586 S.W.2d 500, 504 (Tex. Crim. App. [Panel Op.] 1979) (if the appellant lived in camper behind "beer joint," he was away from premises where he lived when he left camper and went onto parking lot with shotgun). Moreover, there is no evidence that Appellant lived in his truck. However, it has been held that even where the evidence indicates that a person lives part-time in his pickup truck, a pickup truck cannot constitute the premises where a person lives for purposes of this offense. *See **Nesbit v. State***, 720 S.W.2d 888, 891 (Tex. App.–Austin 1986, no pet.). Given the facts of the instant case, we likewise conclude that Appellant's truck cannot constitute the premises where a person lives. *See **id.***

We have reviewed the record in the light most favorable to the verdict. Having done so, we hold that the evidence that Appellant was detained in a gas station parking lot and that the handgun was found in the center console of Appellant's truck is legally sufficient to support that this location was not the place at which Appellant lived. Appellant's first issue is overruled.

## MOTION TO SUPPRESS

In his second issue, Appellant argues that the trial court erred in denying his motion to suppress the evidence concerning the handgun that was found in his truck's center console. Specifically, Appellant argues that his consent was not voluntarily given.

### Standard of Review

We review a trial court's ruling on a motion to suppress for abuse of discretion. *See **Villarreal v. State***, 935 S.W.2d 134, 138 (Tex. Crim. App.1996); ***Curry v. State***, 965 S.W.2d 32, 33 (Tex. App.–Houston [1st Dist.] 1998, no pet.). In reviewing the trial court's ruling, we apply a bifurcated standard of review. *See **Carmouche v. State***, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); ***Hernandez v. State***, 957 S.W.2d 851, 852 (Tex. Crim. App. 1998). We give almost total deference to the trial court's determination of historical facts, while conducting a de novo review of the trial court's application of the law to those facts. *See **Carmouche***, 10 S.W.3d at 327. Furthermore, when, as in the instant case, "the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the

3

record." ***State v. Ross***, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial judge's decision is correct on any theory of law applicable to the case, the decision will be sustained. ***Id.*** at 856.

In the instant case, the trial court observed the dashboard camera video of the officers' search of Appellant's truck.[2] Thereafter, the trial court stated as follows:

> You see video all the way down to Houston intersection of Palace Street. At about 5:42, the officer pulls into the Food Fast parking lot. There's a pickup stopped up by the building. There are two black males standing to what would be the left, from camera view, left of the vehicle, one dressed in a green shirt; one dressed in a white T-shirt and a hat. That appears to be Mr. Rogers.
>
> As the officer walks up, he asks, "How are y'all doing today? Where are y'all coming from?"
>
> About that time, the man in the green shirt moves away. The defendant in the white shirt and hat moves toward the officer and talks about the vehicle, and it's his truck. The officer tells the defendant that someone has said that he pulled a gun on them.
>
> At that point, they tell him because of that that they're going to - - he's not under arrest, but that they're going to make it safe for them and him, so they put him in handcuffs behind his back. And almost immediately[,] one of them asks if [he minds] if they look through the vehicle, and his answer was - - I didn't write it verbatim; it went so fast. It's approximately 2 minutes, 53 seconds into the video. "Yeah, I give you permission to search. Yeah, I don't know what's going on."
>
> Then[,] another 10 or 15, 20 seconds, at approximately 3:15 on the video counter, "Yeah, you can search me, too."
>
> 3 minutes, 30 seconds, "yeah, go ahead."
>
> "No gun in the truck?" is the question.
>
> "No. Search it. Search the tool box, too."
>
> Said at about 4 minutes, just over, he was on - - yes, he was on Palace trying to get his truck washed. Continued to talk. Basically moved all around, very clearly not in custody as we typically see custody in the law enforcement arrest context because he was wandering pretty much all over the camera range with the officer continuing to bring him back over, kind of away from where the officers were searching the vehicle.
>
> 5 minutes, 30 seconds, "Look in the tool box. Look in the tool box."
>
> The officer reminded him he wasn't under arrest; he's merely being detained. Just into 6 minutes[,] he starts talking about his driver's license. 7 minutes, 20 seconds on the video counter[,] he talks about his child support probations - - or probations.
>
> 7 minutes, 50 seconds, he talks about the various convictions that he has. 8 minutes, 10 seconds[,] he's asking to be able to call the detail shop where he says he had been. At 9 minutes 20, 25 seconds, the officer tells him to quit talking; that they had found the gun in the console of the

---

[2] The video reviewed by the trial court is not part of the record on appeal. Appellant does not complain of the accuracy of the trial court's description of the pertinent parts of the video. Rather, Appellant relies on the trial court's description of the events in the video as the basis for his argument.

4

truck and that he would be under arrest.

Consent to search is one of the well established exceptions to the constitutional requirements of both a warrant and probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44, 36 L. Ed. 2d 854 (1973); *State v. Ibarra*, 953 S.W.2d 242, 243 (Tex. Crim. App. 1997). "The Fourth Amendment test for a valid consent to search is that the consent be voluntary, and '[v]oluntariness is a question of fact to be determined from all the circumstances.'" *Ohio v. Robinette*, 519 U.S. 33, 40, 117 S. Ct. 417, 421, 136 L. Ed. 2d 347 (1996) (quoting *Schneckloth*, 412 U.S. at 248-49, 93 S. Ct. at 2059). In order to be valid, the consent must "not be coerced, by explicit or implicit means, by implied threat or covert force." *Schneckloth*, 412 U.S. at 228, 93 S. Ct. at 2048; *Carmouche*, 10 S.W.3d at 331; *see also Allridge v. State*, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991) ("The consent must be shown to be positive and unequivocal, and there must not be any duress or coercion."). By the same token, consent is not established by "showing no more than acquiescence to a claim of lawful authority." *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792, 20 L. Ed. 2d 797 (1968) (where officer falsely represented he had valid search warrant, consent not voluntary).

Although the federal constitution requires only that the state prove the voluntariness of consent by a preponderance of the evidence, the Texas Constitution requires the state to show by clear and convincing evidence that the consent was freely given. *See Ibarra*, 953 S.W.2d at 245. If the record supports a finding by clear and convincing evidence that consent to search was free and voluntary, we will not disturb that finding. *Carmouche*, 10 S.W.3d at 331.

In the instant case, we will consider whether the State proved that Appellant's consent to search his truck was voluntarily given by clear and convincing evidence by looking at a variety of factors. *See Reasor v. State*, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000). First, we consider the fact that Appellant was handcuffed at the point he gave the officers consent to search his truck. This factor weighs against the State's assertion that Appellant's consent to search his truck was voluntary. *See id*. Moreover, Appellant was not told that he could refuse consent. *But see Meeks v. State*, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985) (warning that individual does not have to consent to search and has right to refuse is not required or essential).

However, we cannot discount the fact that the officer explained to Appellant that he was not under arrest, but that he was being handcuffed for the officers' safety as well as his own. Further, the record reflects that although Appellant was handcuffed, his movement was not

restricted.  Indeed, the trial court describes that Appellant was "wandering pretty much all over the camera range."  Furthermore, there is no indication that any law enforcement officer coerced Appellant or beguiled him to give his consent to search.  Rather, Appellant was asked for consent only once and gave it without hesitation.  What is more, Appellant repeatedly reinforced his consent during the brief time the officers were searching his truck and even suggested where the officers might focus their search.  Based upon our review of the record with consideration given to the totality of the circumstances, we conclude that there was clear and convincing evidence before the trial court to allow it to find that not only was Appellant's consent voluntarily given, but also that it was given clearly, unequivocally, repeatedly, and with a degree of enthusiasm. Accordingly, we hold that the trial court did not abuse its discretion in overruling Appellant's motion to suppress.  Appellant's second issue is overruled.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 17, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)