**Nathaniel WILSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40219.**

Court of Criminal Appeals of Texas.

June 21, 1967.

Rehearing Denied July 26, 1967.

Second Rehearing Denied Oct. 11, 1967.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., Darrell Jordan, Al Alsup and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is unlawfully carrying a pistol; the punishment, 6 months in jail.

Trial was before a jury on a plea of not guilty.

The only ground of error raised on appeal is the sufficiency of the evidence to sustain the conviction. Appellant contends that his case falls within the exception to the pistol law (Art. 484, Vernon's Ann. P.C.) which excludes from the operation of the statute "the carrying of arms on one's own premises."

The jury was charged as follows:

"As a part of the law in this case, a defendant has the legal right to carry a pistol upon premises of which he has control and which are subject to his

use; therefore, if you find from the evidence, or have a reasonable doubt thereof, that the carrying of the pistol by the defendant was solely upon premises under his control and of which he had the use, you will find the defendant not guilty and so say by your verdict. In this connection, you are instructed that the terms 'control' and 'use' do not mean exclusive control and use."

Appellant was a tenant in a large apartment complex containing several hundred units in a number of separate buildings. On the evening in question another tenant, Matt Crawford, held a birthday party for his wife at the apartment recreation building. After the party was over several persons, including appellant, stayed to take the things back to the Crawford apartment that had been taken there for use at the party.

Appellant and Matt Crawford got into an argument on the driveway immediately adjacent to the apartment building in which appellant leased and occupied an upstairs apartment. Arthur Simmons testified that he walked up to where the argument was taking place and took a knife out of appellant's hand, and that at the same time several of Matt Crawford's relatives took a knife out of Crawford's hand. Appellant immediately left the scene and was seen going into a neighbor's apartment located in the opposite direction from his own. Approximately ten or fifteen minutes later, appellant returned and had a pistol in his hand. Simmons testified that appellant did not come out of his own apartment; that he (Simmons) was facing appellant's apartment, talking with other people, and that he would have known had appellant gone into his own apartment. Appellant accosted Simmons and the latter turned around to walk away, but was hit by appellant on the head from behind with the pistol, and was knocked unconscious.

There was no direct testimony that appellant was seen with the pistol at any place other than the driveway adjacent to the building in which he lived. The testimony showed that there was a ten foot wide strip of grass between the sidewalk and the apartment building, and that there was a parking lot on the other side of the driveway from the building. The manager of the apartment complex testified that the grass, sidewalks, driveway and parking lot were for the use of all tenants of the complex.

■ Viewed in the light most favorable to the state, we find the evidence sufficient to sustain the jury's finding that the carrying of the pistol by appellant was not solely upon premises under his control and that reasonably necessary to the use and enjoyment of such premises.

The judgment is affirmed.

OPINION

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

We have again reviewed the record in light of appellant's motion for rehearing, and remain convinced that the facts do not bring this case within the exception to the pistol law, Art. 484, supra, which excludes from its operation "the carrying of arms on one's own premises."

■ We are unable to agree that a tenant who carries a pistol upon the grass, sidewalks, driveway, and parking lot jointly used by all tenants of a large apartment complex, such as the one described herein, is on "one's own premises," within the meaning of the statute.

The motion for rehearing is overruled.