

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

---

### Enorris BRYANT, Appellant,

v.

### The STATE of Texas, Appellee.

### No. 48154.

Court of Criminal Appeals of Texas.

April 17, 1974.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for unlawfully carrying a pistol. Punishment was assessed by the jury at three hundred sixty-five (365) days' confinement in jail.

In his sole contention, appellant urges that the court erred in denying his motion for instructed verdict.

Appellant's argument is bottomed on the exception to Article 483, Vernon's Ann.P. C.,[1] set forth in Article 484, V.A.P.C.,

---

1. Article 483, V.A.P.C., provides:
   "Whoever shall carry on or about his person, saddle or in his saddle bags, or in his portfolio or purse any pistol, dirk, dagger, slungshot, blackjack, hand chain, night stick, pipe stick, sword cane, spear or knuckles made of any metal or any hard substance, bowie knife or any other knife manufactured or sold for the purposes of offense or defense shall be punished by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred ($500) or by confinement in jail for not less than one (1) month nor more than one (1) year."

**104**

which excludes from the operation of the statute "the carrying of arms on one's own premises."

Israel Martin, Jr., manager of the Chateau Apartments in Houston where appellant lived, testified that he saw appellant standing in the apartment parking lot with a pistol in his hand on November 23, 1972. Martin stated that parking spaces were not assigned to tenants and a tenant used whatever space was available.

Officer Hogan testified that he and his partner were dispatched to the Chateau Apartments on the date in question and upon arrival saw appellant "standing at the end of the apartments with a pistol in his hand."

After Martin and Hogan testified, the State rested and appellant made a motion for an instructed verdict, which was overruled by the court.

In Wilson v. State, 418 S.W.2d 687, it was noted that, "There was no direct testimony that appellant was seen with the pistol at any place other than the driveway adjacent to the building in which he lived." In rejecting defendant's contention that he was upon his own premises, this court in Wilson v. State, supra (on motion for rehearing) stated:

>"We are unable to agree that a tenant who carries a pistol upon the grass, sidewalks, driveway, and parking lot jointly used by all tenants of a large apartment complex such as the one described herein, is on 'one's own premises' within the meaning of the statute."

In the instant case the evidence places appellant with a pistol in his hand in a parking lot shared by other occupants of the apartment complex.

We reject appellant's contention that the court erred in denying his motion for instructed verdict.

The judgment is affirmed.

Opinion approved by the Court.