**Reverse judgment and Render judgment of Acquittal; Opinion Filed August 12, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-12-01245-CR

**EDWARD CHIARINI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. M11-51889**

## OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

A person commits a criminal offense if he "intentionally, knowingly, or recklessly carries on or about his or her person a handgun . . . if the person is not: (1) on the person's own premises or premises under the person's control . . . ." TEX. PENAL CODE ANN. § 46.02(a)(1) (West Supp. 2012). Appellant Edward Chiarini complains the evidence is legally insufficient to support his conviction under this statute because there is no evidence he was not on his "own premises."

The only evidence before the jury showed Chiarini was carrying a handgun in a common area of his condominium development; that he owned one of the condominiums; and that—according to the Condominium Declaration and the testimony of the president of the condominium homeowners' association—the "Common Elements" of the condominiums were "owned in common by all of the Owners of the Condominium Units and shall remain undivided . . . ."

We agree with Chiarini. We reverse the trial court's judgment and render a judgment of acquittal.

## I.     BACKGROUND

On the night of January 28, 2011, Dallas Police Department officers James C. Marsh and Michael Favors responded to a drug house call at a condominium complex. Marsh testified that when the officers arrived at the complex, Chiarini and a woman, Carlota Robinson, walked out of a breezeway into a courtyard to meet the police car. The courtyard area was a common area in the complex. Marsh noticed Chiarini was carrying a handgun on his leg in open view. Marsh determined Chiarini was carrying the handgun intentionally; when asked why he had the handgun, Chiarini, who is not a State Certified Security Guard, told Marsh that he does "walk-thrus" at the condominium complex.

Favors's testimony is similar. He stated he encountered Chiarini and Robinson in a courtyard at the condominium complex; Chiarini was in one of the common areas to the complex, not in his own condominium or in his parking space. Likewise, Chiarini was not near his own vehicle, and he did not indicate to Favors that he was walking to his car. Chiarini had a pistol in a holster and a stun gun "in the pouch and it was holstered onto like to the right thigh clipped on." The holster was strapped around his leg and was worn on the outside of his jeans. The firearm was in plain view.

The State's final witness, Brent Edmonson, testified he was a resident at the condominium complex and that Chiarini had told him that he (Chiarini) is not a security officer for the condominium complex.

Robinson, who was president of the condominium homeowners' association, testified on behalf of Chiarini. She stated she and Chiarini each own at least one unit in the condominium. She also testified that each condominium owner has an undivided interest in the Common

Elements of the property, including the parking lot, the breezeways, and walkways. She also testified about the Condominium Declaration for the Sable Ridge Condominiums, which was admitted into evidence.

The Declaration defined the phrase "Common Elements" as including all the property of the condominium and all improvements thereon, excepting the individual condominium units, and including both "General Common Elements" and "Limited Common Elements." The Declaration includes paragraphs stating:

> 3.1 OWNERSHIP. A Condominium Unit will be a fee simple estate and may be held and owned by any persons, firm, corporation or other entity singularly, as joint tenants, as tenants in common, or in any real property tenancy relationship recognized under the laws of the state of Texas.
> 3.2 PARTITION. The Common Elements[1] (both General and Limited) shall be owned in common by all of the Owners of the Condominium Units and shall remain undivided . . . .
> 3.3 EXCLUSIVENESS OF OWNERSHIP. Each Owner shall be entitled to exclusive ownership and possession of his Unit. Each Owner may use the Common Elements in accordance with the purpose for which they are intended, without hindering or encroaching upon the lawful rights of the other Owners.

In his sole issue on appeal, Chiarini asserts the evidence is legally insufficient to support his conviction for unlawfully carrying a weapon. He admits here, as he did below, that he was carrying a handgun; however, he contends: (1) the State failed to prove he was not on his own premises or premises under his control, and (2) the only evidence is that he was on his "own premises" when he was carrying a handgun.

---

[1] The Declaration defined "Common Elements" as including all the condominium property and the improvements, except the individual condominium units, and consisting of both the "General Common Elements" and "Limited Common Elements." It defined "General Common Elements" to include, among other things, the "halls, lobbies, stairways and entrances and exits or communicationways [sic] . . . [and] roofs, yards and gardens . . .." It defined "Limited Common Elements" to include, among other things, "parking spaces designated as an appurtenance to a Unit . . . ."

## II. APPLICABLE LAW AND STANDARD OF REVIEW

A person commits the offense of unlawfully carrying a weapon if "the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun . . . if the person is not: (1) on the person's own premises or premises under the person's control; or (2) inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control." TEX. PENAL CODE ANN. § 46.02(a). For purposes of section 46.02, "premises" includes real property. *Id.* § 46.02(a-2).

We review the evidence under a legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S.Ct. 1763 (2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

## III. ANALYSIS

### A. Location an Element of the Offense

The elements of an offense are: (a) the forbidden conduct; (b) the required culpability; (c) any required result; and (d) the negation of any exception to the offense. *See* TEX. PENAL CODE ANN. § 1.07(a)(22) (definition of "Element of offense"). The State asserts it was not required to prove Chiarini was not on his own premises or premises under his control because the

clause "not . . . on the person's own premises" is not an element of the offense or an exception to the offense. We disagree.

The conduct forbidden by section 46.02 is not the mere carrying of a handgun or other proscribed weapon. Rather, it is the carrying of such an item in a certain geographic location, namely, a place "not . . . on the person's own premises or premises under the person's control . . . ." *See* TEX. PENAL CODE ANN. § 46.02(a)(1). Contrary to the State's argument, the "forbidden conduct" includes a geographic or locational component. As such, that component is an element of the offense. *See id. See also Moore v. State*, 392 S.W.3d 697, 700 (Tex. App.—Dallas 2010, no pet.) (citing TEX. PENAL CODE ANN. § 46.02(a) (West Supp. 2010)) (person violates section 46.02 if the person "intentionally, knowingly, or recklessly carries on or about his person a handgun *and* the person is not on his own premises or premises under his control . . . .") (emphasis added); *Garcia v. State*, No. 11-09-000060-CR, 2009 WL 3790409, at *4 (Tex. App.—Eastland Nov. 13, 2009, no pet.) (mem. op., not designated for publication) ("Section 46.02 also requires proof that a person possessed a handgun, illegal knife, or club other than on the person's own premises.").

The State argues the "not . . . on the person's own premises" language in section 46.02(a)(1) is not an element of the offense but rather a statement of a "legal presumption." Citing section 2.05 of the Texas Penal Code, it contends such a presumption "must first be raised by the facts at trial before it becomes an issue." *See* TEX. PENAL CODE ANN. § 2.05 (West 2011). By way of summary, section 2.05 provides that if the penal code or another statute "establishes a presumption with respect to any fact" and "if there is sufficient evidence of the facts that give rise to the presumption," the court must submit the existence of that fact to the jury "unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact . . . ." *See id.* § 2.05(a)(1), (b)(1).

Unfortunately for the State's argument, the State's effort to shoehorn the plain language of section 46.02 into a "presumption" under section 2.05 misconstrues the meaning and effect of both statutes. The geographic or locational component of section 46.02(a)(1) is not a statement that certain facts, if supported by evidence, give rise to a legal presumption concerning which the jury must be charged. Indeed, section 46.02(a) does not contain any form of the word "presume." Thus it does not "establish" any presumption to be submitted to jury. Therefore, section 2.05 is inapplicable to section 46.02(a).

We conclude the State was required to prove Chiarini was not on his own premises or premises under his control.

## B.    Sufficiency of the Evidence

Chiarini argues the evidence is legally insufficient to prove that he was carrying a firearm "not . . . on his own premises."[2] All of the witnesses—for the State and Chiarini—testified he was standing in areas designated as the condominium complex's Common Elements. Moreover, the only evidence presented relating to ownership of the Common Elements—testimony from Robinson and the condominium's governing document—was offered by Chiarini. That undisputed evidence shows Chiarini owned an undivided interest in the Common Elements of the condominium development. Thus, the only evidence before the jury was that Chiarini was on his "own premises"—property in which he had an ownership interest.

The State cites several cases dealing with possession of a firearm in the common areas of apartment complexes. In both *Bryant v. State*, 508 S.W.2d 103 (Tex. Crim. App. 1974), and *Wilson v. State*, 418 S.W.2d 687 (Tex. Crim. App. 1967), the defendants were tenants in apartment complexes; neither case involved an owner in a condominium with an undivided legal

---

[2] Chiarini did not assert on appeal that he controlled the premises on which he was found carrying a firearm. And although there was some evidence Chiarini was walking to his automobile when he stopped to keep Robinson company while she waited for the Dallas Police Department to respond to her drug house call, he does not contend the evidence conclusively proved he was "directly en route to a motor vehicle . . . owned by [him] . . . ." *See* TEX. PENAL CODE ANN. § 46.02(a).

interest in the common areas of the complex. *See Bryant*, 508 S.W.2d at 103; *Wilson*, 418 S.W.2d at 688. *See also Curlin v. State*, No. 05-97-02225-CR, 2000 WL 387616 (Tex. App.—Dallas Apr. 18, 2000, no pet.) (not designated for publication) (felon possessing firearm in common area of apartment complex was not on premises at which he lived).

The State also cites a case involving a condominium development. In *Angell v. State*, No. 05-05-00707-CR, 2006 WL 3393638, at *3 (Tex. App.—Dallas Nov. 27, 2006, no pet.) (not designated for publication), we concluded the evidence did not raise the issue of whether the defendant was carrying a handgun on his "own premises." However, in *Angell*, the defendant did not prevail because: (a) he was a renter in the complex, not an owner; and (b) the condominium owners there possessed only their individual condominiums and their individual parking spaces, not the common areas. *Id.* at *2-3. Both of those circumstances are negated by the evidence here. Thus, we do not consider *Angell* inconsistent with our conclusion here.

Viewing the evidence in the light most favorable to the verdict, we cannot conclude a rational trier of fact could have found beyond a reasonable doubt that Chiarini was not on his own premises. *See Adames*, 353 S.W.3d at 860. We sustain Chiarini's first issue to this extent.

## C.    Statutory Interpretation

The State concedes we must give effect to the unambiguous, plain meaning of a statute's literal text unless such a reading would lead to absurd, unintended consequences. *See State v. Richardson*, 383 S.W.3d 544, 547 (Tex. Crim. App. 2012). It contends that would be the effect of construing the phrase "own premises" to include common areas of a condominium development in which the condominium owners have an undivided legal ownership interest. We disagree.

As shown above, the literal text of section 46.02 does not criminalize a condominium owner who openly carries a handgun in the common areas of his property when he has an

undivided legal ownership interest in those common areas. However, there are other statutes addressing such conduct in situations deemed appropriate by the legislature. *See, e.g.*, TEX. PENAL CODE ANN. § 42.01(a)(8) (West Supp. 2012) ("A person commits [disorderly conduct] if he intentionally or knowingly: . . . (8) displays a firearm or other deadly weapon in a public place in a manner calculated to alarm . . . .").

## IV.    CONCLUSION

In light of our determination, we need not address Chiarini's other argument that he is the owner of the premises where he allegedly committed the violation. We reverse the trial court's judgment and render a judgment of acquittal.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Publish
TEX. R. APP. P. 47.2
121245F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWARD CHIARINI, Appellant

No. 05-12-01245-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 1, Dallas County, Texas
Trial Court Cause No. M11-51889.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.

Judgment entered this 12th day of August, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE