**AFFIRM; and Opinion Filed August 2, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01103-CR

**HUBERT VAUGHAN THOMAS, Appellant**
**V.**
**STATE OF TEXAS, Appellee**

**On Appeal from the 88th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 15-50706-86-F**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

A jury convicted appellant of murder and sentenced him to life in prison. He raises three

issue on appeal. First, he argues that the trial court erred by denying his request to remove limiting

instructions from the jury charge. Second, he contends that his trial counsel rendered ineffective

assistance. And third, he says that the trial court erred by admitting evidence of extraneous

offenses. We affirm.

**Background**

This case is about a shooting at an apartment complex in Terrell, Texas. One day in August

of 2016, appellant walked his wife to her car at the complex. After his wife got in her car, appellant

walked past a group of men who had been smoking PCP. One of the men, Raymond Lampkin,

assaulted appellant in a violent and unprovoked attack. After the assault, appellant returned to his

wife's car and retrieved a handgun. Lampkin ran away and locked himself in an occupied apartment; appellant ran after him and kicked the door down. Appellant entered the apartment, but walked back outside after his wife ran in behind him. Lampkin escaped the apartment through a window, and appellant ran throughout the apartment complex looking for him again. Eventually, Lampkin got into a car belonging to Thomas Brown. Lampkin was in the passenger seat, Brown was in the driver seat. Appellant found Lampkin in the car; appellant's wife said "Get his ole ass." Appellant told Brown, "Get me out of here." Appellant told Brown to get out of the car, and asked Lampkin "Why did you do that?" and "Is this what you wanted?" Video surveillance footage shows that, as Brown was getting out, appellant shot Lampkin several times through the windshield and several more times through the passenger window. Lampkin was not holding a weapon when he was shot.

## Issue 1.
## Whether the trial court should have removed limiting instructions from the jury charge

Appellant argues that he shot Lampkin in self-defense. The trial court instructed the jury that a person is justified in using force against someone else to the degree the person reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31(a) (West 2011). In his first issue, appellant argues the trial court should not have submitted a series of instructions that qualified his right to a finding of self-defense because no evidence supported them. The instructions stated:

> [1] You are further instructed, as part of the law on this case and as a qualification of the law on self-defense, that the use of force by a defendant against another is not justified if the defendant sought an explanation from or a discussion with the other person concerning the defendant's differences with the other person while the defendant was unlawfully carrying a weapon.

> [2] You are further instructed as part of the law on this case the defendant unlawfully carries a weapon if the defendant intentionally, knowingly, or recklessly carries on or about his person a handgun in a motor vehicle that is owned by the person or under the person's control at any time in which the defendant is engaged in criminal activity or prohibited by law from possessing a firearm.

[3] You are further instructed as part of the law on this case that a person who has been convicted of a felony commits an offense if he possesses a firearm at any location other than the premises at which the person lives.

Appellant objected to these limiting instructions because, his counsel argued, appellant never sought to resolve a dispute with Lampkin. The trial court overruled appellant's objection and included the three instructions in the jury charge.

When reviewing jury charge issues, we first determine whether there was error in the charge. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). If error exists, we then determine whether harm occurred. *Id.*

*Evidentiary Support for the Limiting Instructions*

The first instruction paraphrases the self-defense statute, which states that "The use of force against another is not justified . . . if the actor sought an explanation from or discussion with the other person concerning the actor's difference with the other person while the actor was . . . carrying a weapon in violation of Section 46.02." TEX. PENAL CODE ANN. § 9.31(b)(5)(A). The plain language of the statute requires proof that appellant both sought an explanation or discussion concerning his differences with Lampkin and carried a weapon unlawfully. Appellant argues the State failed to offer evidence of either conduct. We view the evidence in the light most favorable to the trial court's decision and determine whether the evidence was sufficient to allow a rational juror to find, first, that appellant sought an explanation from or discussion with Lampkin while, second, unlawfully carrying a weapon. *Fink v. State*, 97 S.W.3d 739, 743 (Tex. App.—Austin 2003, pet. ref'd).

Appellant explains that, when Lampkin assaulted him, appellant was simply walking from his wife's car back to the apartments. "As such," he argues in his appellate brief, "from the very outset, Tex. Penal Code Sec. 9.31(b)(5) was inapplicable because Appellant was not seeking an 'explanation' or 'discussion' with the alleged victim." Instead, appellant says he retrieved his

firearm "to protect himself and/or his family from further assaults as his family remained in the apartment complex" rather than to "go and discuss his differences with the alleged victim." He asserts that the State was not entitled to a limiting instruction when this first prong—seeking an explanation—was not met.

But the State points to evidence that just before appellant shot Lampkin, appellant had asked him "Why did you do that?" and "Is this what you wanted?" We agree with the State that this was some evidence that appellant sought an explanation from Lampkin for the latter's unprovoked assault on appellant. Thus the first prong of the statutory limitation was met.

As to the second prong, appellant contends he was not unlawfully carrying a firearm during this incident. The second instruction sets forth the specific circumstances under which the jury was to consider this issue of unlawfully carrying a weapon. The instruction tracks the statutory language of section 46.02:

> A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun in a motor vehicle . . . that is owned by the person or under the person's control at any time in which . . . .
>
> the person is:
>
> engaged in criminal activity, . . . [or]
>
> prohibited by law from possessing a firearm.

TEX. PEN. CODE ANN. § 46.02(a-1)(2)(A, B) (West Supp. 2017).

We note that both parties appear to have looked mistakenly to section 46.02(a)(2)(A) as the source of the trial court's instruction. That section describes an offense when a person carries a handgun while not on his own premises or premises under his control. Section 46.02(a) does not speak to possession of a handgun, but the trial court's third instruction—discussed below—indicates that possession was relevant in this case. Accordingly, we will look for evidentiary support of the instruction as given, i.e., under subsection 46.02(a-1).

Appellant contends that he "did not possess or obtain a firearm at the time he was approached or confronted by the alleged victim," and he concludes that "the second prong of a limiting instruction was inapplicable." However, appellant presents no authority or reasoning for the idea that the initial encounter between him and Lampkin was the relevant event under section 9.31. That statute plainly refers to the act of seeking an explanation or discussion while carrying a weapon, which is what appellant was doing later, when he asked appellant "Why did you do that?" and "Is this what you wanted?" and then shot and killed Lampkin. Appellant does not dispute that he was carrying a firearm then.

Appellant argues further that the limiting instructions were erroneous because he was not prohibited by law from possessing a firearm. The third instruction is rooted in section 46.04, which addresses unlawful possession of a firearm and provides that a person convicted of a felony commits an offense if he possesses a firearm within five years of the conviction, or at a later time at any location other than the premises at which he lives. *Id*. § 46.04(a) (West 2011).

Appellant acknowledges that he had previously been convicted of a felony but explains that, because more than five years had passed between that conviction and the day of the shooting, he was lawfully allowed to possess a firearm at the premises at which he lived. He points to testimony that he resided at the apartment complex with his wife and contends that the premises included common areas like the complex's parking lot. He cites a recent opinion of the Court of Criminal Appeals, *Chiarini v. State*, 442 S.W.3d 318 (Tex. Crim. App. 2014), which held that residents of a condominium complex owned their respective residences and retained an undivided ownership interest of the common area of the complex. *Id*. at 321. The Court in *Chiarini* concluded that, "because appellant was a co-owner of the common area, the common area was his 'own' premises under the literal text" of section 46.02. *Id*. at 322–23. In our case, however, appellant

does not argue that he was a co-owner of the apartment complex parking lot or that he controlled it. *Chiarini*, therefore, does not support appellant's argument.

The State disputes that appellant lived at the apartment complex; it notes that appellant's wife testified that she lived at the apartment complex at the time of the shooting but that appellant did not. The State also argues that the apartment complex parking lot was not even his wife's own property, citing *Bryant v. State*, 508 S.W.2d 103, 104 (Tex. Crim. App. 1974), which held that a person who lived at an apartment complex and who carried a handgun in the complex's parking lot was not doing so on his own premises, because the lot was shared by other occupants of the apartment complex. And the State cites a recent opinion from one of our sister courts of appeals, *Ervin v. State*, No. 01-08-00207-CR, 2008 WL 5263635, at *4 (Tex. App.—Houston [1st Dist.] Dec. 18, 2008, per. ref'd) (mem. op., not designated for publication), holding that an apartment complex's breezeway, a common area, was not a premises under the renter's control.

There was evidence that appellant was in possession of the firearm at a location "other than the premises at which [he] lived." TEX. PENAL CODE ANN. § 46.04(a)(2). This evidence that appellant was prohibited by law from possessing the firearm at the place of the shooting supported an instruction that appellant was carrying a handgun in violation of section 46.02(a-1)(2)(B) when he sought an explanation of his differences with Lampkin.

We conclude that evidence in the record was sufficient to allow a rational juror to find, first, that appellant sought an explanation from or discussion with Lampkin while, second, unlawfully carrying a weapon. Therefore, the trial court did not err in submitting the limiting instructions.

## Instruction on Necessity

Appellant next argues that the trial court's limiting instruction did not adequately explain the relevant law, because it did not include an instruction on the defense of necessity. He explains

that he and his wife testified that they feared another assault by Lampkin. He also notes that a jury charge must be tailored to the facts at trial and that necessity is a defense to the offenses of unlawfully carrying a weapon and unlawfully possessing a firearm. However, appellant did not request an instruction on necessity or object to the charge's lack of a necessity instruction. Nor does he cite any legal authority indicating that it was error for the court not to include a necessity instruction sua sponte. Appellant does cite an opinion of one of our sister courts of appeal, *Bowen v. State*, 187 S.W.3d 744 (Tex. App.—Fort Worth 2006, no pet.), but in that case the defendant requested a necessity instruction.

As the State points out, a trial court has no duty to instruct the jury sua sponte on unrequested defensive issues. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint. *Id*.

*Comment on the Weight of the Evidence*

Appellant's last argument under his first appellate issue complains that the trial court's inclusion of the limiting instructions was an erroneous comment on the weight of the evidence because the "application paragraph only provided jurors with one choice: a rejection of Appellant's self-defense claim." He cites *Matamoros v. State*, 901 S.W.2d 470 (Tex. Crim. App. 1995) for the proposition that "this singular application paragraph impermissibly drew attention to a particular type of evidence and its application." The Court of Criminal Appeals in *Matamoros* did indeed observe that an instruction about a particular type of evidence constitutes an impermissible comment on the weight of the evidence because it singles out a particular piece of evidence for special attention, *id*. at 477, but appellant argues that what the limiting instruction singles out is the jurors' choice to reject his claim of self-defense. Appellant does not identify any type of

evidence that the limiting instruction singles out in our case. Nor has appellant pointed to record evidence that he objected to the application paragraph on any ground. Because we conclude there was no error in submitting the limiting instructions, we need not conduct a harm analysis. *Cortez*, 469 S.W.3d at 598.

We overrule appellant's first issue.

**Issue 2:**

**Trial counsel for appellant rendered ineffective assistance of counsel**

In his second issue, appellant contends he received ineffective assistance of counsel, alleging that his trial attorney (1) failed to request an instruction on the defenses of necessity and defense of third person, (2) opened the door to evidence of certain extraneous offenses, (3) failed to object to evidence of extraneous offenses, and (4) failed to object to hearsay testimony during the punishment phase of the trial.

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence both that counsel's representation fell below an objective standard of reasonableness and that counsel's errors prejudiced the defense so that appellant was deprived of a fair and impartial trial. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984). In addition, the Court of Criminal Appeals has held that an ineffective assistance of counsel claim must be firmly founded in a record that affirmatively demonstrates that the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). There is a strong presumption that trial counsel's assistance was reasonable. *Rylander v. State*, 101 S.W.3d. 107, 110 (Tex. Crim. App. 2005). A silent record like this one that provides no explanation for trial counsel's action will usually not overcome the strong presumption of reasonable assistance. *Id*.

In some cases, even with a silent record, we can resolve an appellant's claim as a matter of law. Here, appellant contends that his trial counsel failed to object to hearsay evidence during the punishment phase of the trial. He complains that the jury was allowed to read the offense reports and probable cause affidavits describing suspicions that appellant had committed additional, unadjudicated crimes. He argues that counsel had a duty to object to this evidence, citing *Thomas v. State*, 923 S.W.2d 611 (Tex. App.—Houston [1st Dist.] 1995, no pet.). However, although *Thomas* did hold that the failure to object to the introduction of unadjudicated, extraneous offenses during the punishment stage of trial constituted ineffective assistance of counsel, it has been superseded by statute. *Williams v. State*, 958 S.W.2d 844, 846 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). Now, evidence of unadjudicated, extraneous offenses may be admitted at the punishment phase of noncapital cases. TEX. CODE CRIM. PROC. art. 37.07 (West 2017). Failure to object to admissible evidence does not constitute ineffective assistance of counsel. *Lee v. State*, 29 S.W.3d 570, 579–80 (Tex. App.—Dallas 2000, no pet.).

Appellant also argues that his trial counsel was ineffective because he failed to request an instruction regarding the defenses of necessity and defense of a third person. In support of his argument, he points to testimony indicating that appellant was concerned for his wife's safety after Lampkin assaulted him because his wife was "still in close proximity where his assailant was now then located." Appellant also contends that the jury could have found that his actions were necessary to protect his wife. He cites the Court of Criminal Appeals opinion in *Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim. App. 1992), for the notion that a failure to request the defense of necessity when the evidence raised such a claim undermines confidence in the conviction.

The State responds that appellant would be entitled to a necessity instruction under section 9.22 of the Penal Code only if the evidence showed that he reasonably believed his conduct was immediately necessary to avoid imminent harm, and that he would be entitled to a defense-of-

third-person instruction under section 9.33 only if he reasonably believed his intervention was immediately necessary to protect the third person. The State contends that the record contains no evidence indicating that appellant faced imminent harm or that it was immediately necessary to protect his wife when appellant shot and killed Lampkin. Instead, record evidence shows that appellant chased Lampkin from the parking lot, then knocked down an apartment door to get to him, then entered and exited the apartment, then ran throughout the apartment complex looking for him, and finally shot and killed him while Lampkin was sitting unarmed in someone else's car trying to flee. The record therefore shows that appellant could not have reasonably believed that shooting and killing Lampkin was immediately necessary: he chased Lampkin for quite some time. Nor could he have reasonably believed that going to extraordinary lengths to find and shoot Lampkin was somehow an attempt to avoid imminent harm. And appellant cites no evidence that Lampkin was threatening his wife when appellant shot and killed him: the evidence suggests appellant's wife was following appellant around the apartment complex while he was looking for Lampkin, that Lampkin ran away from both of them, and that his wife followed him to the car where Lampkin was sitting and told appellant to "Get his ole ass." On the record in this case, we can conclude that appellant was not entitled to a necessity or defense-of-third-person instruction. The failure to raise these defenses, therefore, cannot support a claim that trial counsel's performance was deficient.

Appellant also argues that his trial counsel was ineffective because he opened the door to testimony about certain extraneous offenses, and—when the State responded by offering evidence of extraneous offenses—he failed to object. At trial, appellant's wife described some of the criminal activity plaguing the apartment complex, and appellant's trial counsel asked her whether she and appellant engaged in it. The State used this questioning and testimony to elicit evidence and of, and to ask questions about, appellant's prior drug conviction and other misconduct.

–10–

Appellant's counsel did not object to the evidence and testimony about extraneous offenses. Appellant contends that this had the effect of portraying him and his wife as drug addicts and criminals and that there was no reasonable basis for appellant's counsel not to object. The State responds that the failure to object could have been part of a strategy not to alienate the jury or draw unwanted attention to a particular issue. Similarly, the State notes that trial counsel might have asked appellant's wife about their experience with criminal activity at the apartment complex in order to show that they had made admirable progress in their life and lifestyle. And as the State points out, appellant did not attempt to show how the absence of extraneous-offense evidence could have changed the outcome of the trial in light of the uncontroverted evidence establishing that he went to great lengths to chase down and kill an unarmed man.

We conclude that the record in this case is insufficiently developed to reflect any failings of trial counsel. *Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003). Appellant has not shown that counsel deprived him of a fair trial. *Strickland*, 466 U.S. at 687.

We overrule appellant's second issue.

### Issue 3.
### The trial court erred by admitting extraneous offenses

In his third issue, appellant contends that the trial court erroneously admitted evidence of appellant's drug history, his witness's drug history, and the possession of marijuana in his wife's vehicle. He argues that the evidence was extraneous to his murder charge and inherently prejudicial. He contends that Texas Rules of Evidence 403 and 404(b) required the trial court to determine whether the probative value of this evidence, if relevant, is outweighed by the danger of unfair prejudice or confusion of the issues. He asserts that the trial court did not conduct this balancing test before admitting this evidence, allowing appellant, his wife, and his only other witness to be portrayed "as drug addicts and criminals in general."

–11–

Although appellant's counsel objected to several of the State's exhibits on the grounds that their prejudicial effect outweighed their probative value, he did not object to the trial court's admission of testimony about extraneous acts on grounds of rules 403 or 404(b). These objections must be made specifically, or they are lost. *Phifer v. State*, No. 05-14-01411-CR, 2016 WL 772737, at *4 (Tex. App.—Dallas Feb. 29, 2016, no pet.) (mem. op., not designated for publication). Appellant has not preserved error for our review on this issue.

We overrule appellant's third issue.

## Conclusion

We affirm the trial court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

161103F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

HUBERT VAUGHN THOMAS, Appellant

No. 05-16-01103-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 15-50706-86-F.
Opinion delivered by Justice Boatright.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of August, 2018.